# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | |
|---|---|
| HENRY FIORENTINO, ) | CASE NO. 4:20 CV 1893 |
| ) | |
| Petitioner, ) | JUDGE JOHN R. ADAMS |
| ) | |
| v. ) | |
| ) | MEMORANDUM OF OPINION |
| MARK K. WILLIAMS, ) | AND ORDER |
| ) | |
| Respondent. ) | |

*Pro se* Petitioner Henry Fiorentino filed this Petition for a Writ of Habeas Corpus under 28 U.S.C. § 2241. He is currently incarcerated in FCI Elkton. He contends he was denied due process at a prison disciplinary proceeding that took place in 2014 at MDC Brooklyn in New York. He asks this Court to expunge that conduct violation from his prison record.

## I. Background

The Petition contains very few facts. Petitioner discovered a conduct violation on his record from 2014 while he was incarcerated at MDC Brooklyn. He was found guilty of the conduct offense of threatening bodily harm and sanctioned with thirty days in disciplinary segregation and temporary loss or impounding of personal property. He contends he did not receive a copy of the conduct report and did not receive a formal hearing. He claims he was denied due process and seeks to have that conduct violation removed from his record.

## II. Standard of Review

Writs of habeas corpus "may be granted by the Supreme Court, any justice thereof, the district

courts and any circuit judge within their respective jurisdictions." 28 U.S.C. § 2241(a). Section 2241 "is an affirmative grant of power to federal courts to issue writs of habeas corpus to prisoners being held 'in violation of the Constitution or laws or treaties of the United States.'" *Rice v. White*, 660 F.3d 242, 249 (6th Cir. 2011) (quoting Section 2241(c)). Because Petitioner is appearing *pro se*, the allegations in his Petition must be construed in his favor, and his pleadings are held to a less stringent standard than those prepared by counsel. *Urbina v. Thoms*, 270 F.3d 292, 295 (6th Cir. 2001). However, this Court may dismiss the Petition at any time, or make any such disposition as law and justice require, if it determines the Petition fails to establish adequate grounds for relief. *Hilton v. Braunskill*, 481 U.S. 770, 775 (1987); *see also Allen v. Perini*, 424 F.2d 134, 141 (6th Cir. 1970) (holding district courts have a duty to "screen out" petitions lacking merit on their face under Section 2243)

### III. Discussion

Before determining whether the procedures provided to Plaintiff at the disciplinary hearing were adequate, the Court must first determine whether the interest at stake invoked constitutional protections. Prisoners have narrower liberty and property interests than other citizens as "lawful incarceration brings about the necessary withdrawal or limitation of many privileges and rights, a retraction justified by the considerations underlying our penal system." *Sandin v. Conner*, 515 U.S. 472, 485 (1995). The question of what process is due is answered only if the inmate establishes a deprivation of a constitutionally protected liberty or property interest. *Wilkinson v. Austin*, 545 U.S. 209, 221 (2005).

The Due Process Clause, standing alone, confers no liberty or property interest in freedom from government action taken within the sentence imposed. *Sandin*, 515 U.S. at 480. "Discipline by

prison officials in response to a wide range of misconduct falls within the expected perimeters of the sentence imposed by a court of law." *Id*. at 485. "[T]he Constitution itself does not give rise to a liberty interest in avoiding transfer to more adverse conditions of confinement." *Wilkinson*, 545 U.S. at 221. Generally, unless the disciplinary action is accompanied by a withdrawal of good time credits or is for a significant period of time that presents an unusual hardship on the inmate, no liberty or property interest will be found in the case. *Sandin*, 515 U.S. at 484. If there is no protected liberty or property interest at stake, the prison need not provide the inmate with a hearing that meets due process requirements.

In this case, the sanctions imposed for the conduct violation did not include loss of good time credit. His time in segregation was for a limited period of thirty days and there is no indication of any other sanction that could be considered unduly harsh in relation to ordinary prison life. Plaintiff has not shown that he was deprived of a protected liberty or property interest. He therefore was not denied due process when those sanctions were imposed without a hearing.

### IV. Conclusion

Accordingly, this action is dismissed pursuant to 28 U.S.C. § 2243. Further, under 28 U.S.C. § 1915(a)(3), this Court certifies an appeal could not be taken in good faith.

IT IS SO ORDERED.

Date: 12/31/2020         */s/ John R. Adams*
                         JOHN R. ADAMS
                         UNITED STATES DISTRICT JUDGE